UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

| | |
|---|---|
| CHAPTER: | 11 |
| DATE: | November 8, 2010 |
| JUDGE: | Pamela Pepper |
| CASE NO.: | 2009-38166 |
| DEBTOR: | Renaissant Lafayette, LLC |
| ADV. NO.: | |
| ADV.: | |
| | |
| NATURE OF HEARING: | (1) Oral Ruling re: Carve-Out Issue |
| | (2) Emergency Motion to Adjust Dates |
| APPEARANCES: | Forrest Lammiman - Attorney for the DIP, by telephone |
| | Peter Blain - Attorney for Amalgamated Bank, by telephone |
| | L. Katie Mason - Attorney for Amalgamated Bank, by telephone |
| | Amy Ginsberg - Attorney for U.S. Trustee |
| | Albert Solocheck - Attorney for unsecured creditors' committee, by telephone |
| | Daniel Habeck - Attorney for Hunzinger Construction Co., by telephone |
| | Gregory Erchull - Attorney for escrow creditors (Brzezinski et. al.), by telephone |
| | Todd Nelson - Attorney for the Kruminis et. al., by telephone |
| | Richard Porter - Attorney for the Rassoulis, by telephone |
| | Scott Fleming - Attorney for Roman Electric Co., by telephone |
| | Cornelius Brown - Attorney for Interforum Holdings, Inc. & Interforum Holdings-Lafayette, LLC, by telephone |
| | Kirsten Hildebrand - Attorney for Halloran, by telephone |
| | Jeffery Nordholm - Attorney for the Hochmuths, by telephone |
| | Perry Friesler - Attorney for Matthew Johnson, by telephone |
| | Peter Richter - Attorney for American TV & Appliance of Madison, by telephone |
| LAW CLERK: | Camille Bent |
| TIME: | 1:08 p.m. - 1:55 p.m. |
| ADJOURNED DATE: | Hearing on anticipated objection by Interforum to sale based on corporate ownership/governance issues: Tuesday, December 7, 2010 at 11:30 a.m., by telephone |
| | Hearing on motion to approve sale: Thursday, December 23, 2010 at 10:00 a.m., in room 149 |

Counsel for the Rassoulis asked to be excused from the phone call at its inception, stating that he understood that the issues of critical importance to his client would not be discussed at today's hearing. Counsel for the UST asked to be excused halfway through the hearing to attend a hearing in another court, and stated that the UST had no objection to the revised sale schedule proposed in the emergency motion to adjust dates.

1

Oral Ruling re: Carve-Out Issue

The Court noted that it had adjourned the hearing to give the parties an opportunity to submit briefs regarding the carve-out provision in the motion to approve bid procedures. The Court noted that it had reviewed the briefs, and opined that the bulk of the applicable case law supported the notion that the collateral with which the bank proposed to pay the carve-out was, in fact, the bank's property, and that the bank had the authority and the ability to decide how much of its funds to give others, and how to distribute those funds. The Court noted that there were cases holding that the assets to be sold are part of the estate, and that the proceeds of the sale of those assets also constitute assets of the estate, such that a court had jurisdiction to dictate how those proceeds should be allocated. The Court opined, however, that factual circumstances such as these, in which the stalking horse bid is far less than the amount of the secured lender's lien, any of the proceeds of the sale–whether they are called "proceeds from the sale of estate assets" or "the bank's money"–would end up going to the bank. Therefore, any portion of those proceeds that end up going to anyone other than the bank would be so distributed because the bank chose to do so.

The Court stated that if viewed the real issue as whether the allocations to which the distribution scheme to which the parties had agreed violated the Code. The Court stated that it did not see that concern here. The Court noted that the parties proposed to pay allowed priority claims in full out of the carve-out, and that the sale motion listed the order of distribution in roughly the same order as §507 did.

In fact, the Court asked the parties why it needed to approve or disapprove the bank's distribution of its own money. Counsel for the DIP and counsel for Amalgamated both indicated that it was not necessary for the Court to approve or disapprove the carve-out, but more that all parties be aware of what the bank had agreed to do with a certain portion of the proceeds. Counsel for the committee stated that he believed that the order of distribution might violate the Code, but that he would consider raising such an objection once the sale had taken place.

The Court indicated that it would approve the bid procedures portion of the amended sale motion (which, for the most part, had been approved at the October 27, 2010 hearing). The Court added that it would not approve or disapprove the carve-out provision.

Emergency Motion to Adjust Dates

Counsel for the bank stated that after the October 27 hearing, marketing consultant Houlihan Lokey had suggested that there were likely to be more bidders

if the parties pushed back the bidding schedule and sale dates.  Accordingly, the emergency motion suggested the following revised schedule :

- December 14, 2010 - Best and Final Offers Due
- December 15, 2010 - Houlihan to Notify Bidders that Their Bids are Qualified
- December 17, 2010 - Auction
- December 20, 2010 - Objection Deadline
- December 23, 2010 - Hearing on Motion to Approve Sale

Counsel for the DIP noted that there was one further scheduling issue not discussed in the emergency motion.  He noted that Interforum Holdings had filed an objection to the motion to approve bid procedures, in which Interforum had argued that it was part-owner of the DIP, that the DIP had filed the Chapter 11 petition without its consent or approval, and that the parties had filed the motion to approve bid procedures without its consent or approval.  Counsel for the DIP stated that if Interforum anticipated objecting to the sale on these same grounds, he hoped that the Court would set a deadline by which it would have to file that objection, and that that deadline be well in advance of the auction date.  This would, he argued, enable the parties to take discovery and try to resolve that matter before the auction date, so as not to impact the action and sale.  He asked the Court to order Interforum to file such an objection to the sale (if it planned to do so) by Monday, November 15.  Counsel for Interforum stated that Interforum was going to object to the sale on these same grounds, and protested that a week was not sufficient time to allow it to prepare and file such an objection.  The Court gave Interforum until Friday, November 19, 2010 to object to the sale on corporate ownership/governance grounds, and set a deadline of Wednesday, November 24, 2010 at noon for any interested party to file a response to Interforum's objection.  The Court scheduled a hearing on Interforum's objection for Tuesday, December 7, 2010 at 11:30 a.m., by telephone.

The Court granted the emergency motion to adjust dates, and asked the parties to include those revised dates in the order that they upload.  The Court scheduled the hearing on approval of the sale for Thursday, December 23, 2010, at 10:00 a.m. in Room 149 for the hearing to approve the sale.

The parties will submit one order approving the bid procedures, incorporating the revised dates for receipt of bids, auction, etc., and memorializing the dates for Interforum's objection, any responses, and the hearing on that objection.